IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLO FALCHINI, Sr., et al.,
      Plaintiff,
    v.
UNITED STATES OF AMERICA
(Ebensburg Navopsptcen),
      Defendant

Case No. 03:12-cv-108-KRG-KAP

Report and Recommendation

Recommendation

The government filed a motion to dismiss the plaintiffs' complaint at docket no. 15, in part relying on Fed.R.Civ.P. 12(b)(1)(lack of subject matter jurisdiction), and in part on Fed.R.Civ.P. 12(b)(6)(failure to state a claim). I recommend the government's motion be granted in part and denied in part.

Report

Plaintiffs allege that they own valuable real property near the southeast corner of the intersection of U.S. 219 and U.S. 22, respectively the major north-south and east-west highways through Cambria County. They filed a pro se complaint alleging jurisdiction under the Federal Tort Claims Act seeking compensation for the alleged damage to their property as a result of stormwater runoff from the adjacent Naval Reserve Armory owned or leased by the defendant. In an attempt to resolve this matter with the least expense and delay to both sides I met with counsel for the Navy and a representative plaintiff in an informal status conference on January 8, 2013. At that time it appeared that the Navy had awarded a contract for remediation of water runoff that could be

expected to affect issues of both damages and liability, and I scheduled a follow up conference for May 2013. Unfortunately the expected work had not been undertaken and the prospects for settlement now appeared dim. I accordingly entered a pretrial scheduling order under Fed.R.Civ.P. 16, pursuant to which the government filed its motion to dismiss. Despite ample time, plaintiffs have not replied as they were required to do. Plaintiffs are cautioned that *pro se* litigation is not an excuse for failure to pursue one's claims and defenses. Hereafter, plaintiffs can appear in person or by counsel but may not delegate the pursuit of this matter to a lay person acting as their representative, even if that person is a plaintiff. The same goes for signing papers submitted to court: any party wishing to file a pleading or paper must sign it. See Fed.R.Civ.P. 11(a).

The government first contends that this court lacks subject matter jurisdiction over plaintiffs' taking claim. The government is correct. Takings claims in an amount over $10,000 must be litigated in the Court of Claims. See 28 U.S.C.§ 1346(a)(2) and 28 U.S.C.§ 1491(a)(1).

Plaintiffs' *pro se* complaint clearly intends to state a takings claim. When the government physically takes possession or authorizes the taking of an interest in property for a public purpose or regulates property in a way that forces the owner to sacrifice all of its economically beneficial uses, it effects a

taking that it must pay compensation for. That is true whether the taking is permanent or temporary. <u>Arkansas Game and Fish Commission v. United States</u>, 133 S.Ct. 511 (2012). A frequently disputed jurisdictional problem is how to characterize recurrent flooding. As the Supreme Court stated in <u>Arkansas Game and Fish Commission</u>, 133 S.Ct. at 521, there is no reason to treat flooding differently from other government intrusions onto private property; the Court further observed that the degree to which the government invasion is intended or the foreseeable result of its actions is relevant to the question whether a taking has occurred, <u>id.</u> at 522-23, <u>citing</u> <u>Ridge Line, Inc. v. United States</u>, 346 F.3d 1346, 1355-56 (Fed.Cir.2003). The Court of Appeals for the Federal Circuit, the appellate court with jurisdiction over appeals from Tucker Act takings claims, considers permanent flooding as well as regularly recurring flooding to be takings, but considers occasional flooding or a single unintended flood that permanently destroys property to be torts. <u>See</u> <u>Big Oak Farms, Inc. v. United States</u>, 105 Fed.Cl. 48, 53-54 (Ct.Cl.2012), <u>construing</u> <u>Ridge Line, Inc. v. United States</u>, 346 F.3d 1346 (Fed.Cir.2003).

This presents the Falchinis with a dilemma: by alleging that the government intentionally destroyed their land or destroyed its value, or in their words "rendered it both unuseable and unsellable," they have pleaded a good takings claim, but to the

extent that it exceeds $10,000 one that must be heard in the Court of Claims.

As an alternative reading of the complaint, and making allowances for the *pro se* nature of the pleadings I think it is a reasonable alternative reading, the Falchinis are alleging that the Navy's runoff control measures were negligently designed, constructed, or maintained. That is a garden variety claim for damage to the Falchinis' land caused by the Navy's alleged failure to maintain its property, one that if brought against a private party would be clearly be a tort claim under Pennsylvania law and therefore under the Federal Tort Claims Act one within this court's jurisdiction. See 28 U.S.C.§ 1346(b). And as Judge Weis noted of a legally similar claim, such a "mundane, administrative, garden-variety, housekeeping problem" does not fall under the discretionary function exception to the FTCA's waiver of liability. Gotha v. United States, 115 F.3d 176, 181 (3d Cir. 1997)(claim of injury from Navy's alleged negligence in failing to construct handrail on steep walkway was not within the FTCA's discretionary function exception). Plaintiffs' tort claim can proceed in this court.

Because this is *pro se* litigation, let me explain in nontechnical terms: the Falchinis need to decide whether they wish to litigate a takings claim or a tort claim. If they indicate to the Court within the next 14 days that they wish to litigate a

takings claim, this Court will transfer the matter to the Court of Claims. If they wish to litigate a tort claim, they need do nothing, and silence will be deemed consent to a dismissal of their takings claim and a desire to proceed on a tort claim only.

If the plaintiffs wish to proceed here on a tort claim they must prove that the Navy has negligently designed, constructed, or maintained runoff control measures, and that runoff resulting therefrom has damaged their property within the period of the statute of limitations for FTCA claims. If they do that, they can obtain the traditional measure of tort damages, namely the lesser of the cost of repairs or the diminution of the value of their property[1]. The plaintiffs cannot use this Court as a vehicle for trying to unload property the Navy does not want or need. Nor can plaintiffs use their *pro se* status to exempt themselves from the obligation of replying to the defendant's motions: further failure to follow my pretrial scheduling order may result in dismissal of the complaint for failure to prosecute. Additionally, unless they are themselves experts in stormwater management systems plaintiffs will probably need to spend money to retain an expert

---

1. A plaintiff is entitled to be made whole, but only in the least expensive way: market value or replacement cost. F.C. Wheat Mar. Corp. v. United States, 663 F.3d 714, 721-22 (4th Cir. 2011)(an admiralty case, citing inter alia Peevyhouse v. Garland Coal & Mining Co., 382 P.2d 109 (Okla.1962)(breach of contract) and Fisher v. Qualico Contracting Corp., 98 N.Y.2d 534, 749 N.Y.S.2d 467, 779 N.E.2d 178, 181-82 (2002)(tort)).

to prove their claim of negligence. Finally, any evidence offered by the defendant that plaintiffs failed to mitigate their damages by refusing to permit remediation efforts is relevant to the question of damages.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are also given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 3 December 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Carlo Falchini, Sr.
Carlo Falchini, III
Francis Falchini, Jr.
Judette Falchini
834 W. High Street
Ebensburg, PA 15931